UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **THERRAL HATFIELD** | : | **DOCKET NO. 2:23-cv-00531** |
| **REG. # 12926-002** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MARTINEZ** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Therral Hatfield on April 24. Doc. 1. Therral is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Therral Hatfield (Petitioner) filed a petition for writ of habeas corpus claiming the Bureau of Prisons (BOP) has incorrectly determined he is ineligible to earn credits under the First Step Act (FSA). He argues that his conviction for Kidnapping does not disqualify him because it is not a crime of violence as defined by 18 U.S.C. § 3559(c)(2)(F). Petitioner demands that he be found eligible and awarded credits which he believes he should have earned from 2018 through present.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Law and Application

The FSA authorizes the Bureau of Prisons to grant Federal Time Credits (FTC or "FSA Time Credits") to eligible inmates. See 18 U.S.C. § 3624(g). "An eligible inmate… may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020," and "may earn FSA Time Credit if he or she is successfully participating in [Evidence-based Recidivism Reduction (EBRR)] programs or [Productive Case Activities (PAs)] that the Bureau has recommended based on the inmate's individualized risk needs assessment on or after January 15, 2020." 28 CFR § 523.42(b). Eligibility to earn FSA Time Credits is governed by 18 U.S.C. § 3632(d)(4)(D): "A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law." *Id.*, see also 28 C.F.R. § 523.41(d)(2) ("If the inmate is serving a

term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits"). Congress provided an extensive list of current convictions which are disqualifying, to include "any section of chapter 55, relating to kidnapping." 18 U.S.C. § 3632(d)(4)(D)(xxvi). The Bureau of Prisons has no discretion to waive this legislative prohibition and may not award FSA Time Credits to any inmate who is serving a sentence for a violation of any section within chapter 55, including section 1201, kidnapping: "Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or otherwise a person… shall be punished by imprisonment…." 18 U.S.C. § 1201.

Petitioner is currently serving a sentence for violation of section 1201, Kidnapping. *See* Robinson Decl., Att. 1, Public Information Inmate Data. For this reason, he is ineligible to earn FSA Time Credits. *See* 18 U.S.C. § 3632(d)(4)(D)(xxvi).

Petitioner argues that for a current conviction to be disqualifying, it must be "a term of imprisonment of more than 1 year for an offense described in 18 U.S.C. § 3559(c)(2)(F) serious violent felony…." Doc. 1, att. 2 at p. 4. Plaintiff then relies heavily on the idea that his offense was not violent and does not meet the definitions in 18 U.S.C. § 3559. The government correctly notes that in the context of the FSA, section 3559 comes into play only when considering whether a prior conviction, as opposed to his *current* conviction, might be precluding under section 3632(d)(4)(D)(li):

> An offense described in section 3559(c)(2)(F), for which the offender was sentenced to a term of imprisonment of more than 1 year, if the offender has a previous conviction, for which the offender served a term of imprisonment of more than 1 year, for a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111), voluntary manslaughter (as described in section 1112), assault with intent to commit murder (as described in section 113(a)), aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242), abusive sexual contact (as described in sections 2244(a)(1) and (a)(2)), kidnapping (as described in chapter 55), carjacking (as described in section 2119), arson

>   (as described in section 844(f)(3), (h), or (i)), or terrorism (as described in chapter 113B).

18 U.S.C. § 3632(d)(4)(D)(li)(emphasis added). Bureau of Prisons policy further explains: "For the prior conviction review, an inmate is ineligible to earn FTCs if:

- The current offense is determined to be a "serious violent felony" not already specifically listed by the statute, and

- The inmate was sentenced to a term of imprisonment of more than a year for the current offense, and

- The inmate served a term of imprisonment of more than a year for a previous federal or state offense consisting of murder, voluntary manslaughter, assault with intent to commit murder, aggravated sexual abuse and sexual abuse, abusive sexual contact, kidnapping, carjacking, arson, or terrorism.

Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) at 6-7 (available at www.bop.gov). Although the questions of whether his current conviction qualifies as a "serious violent felony" may be relevant when evaluating the preclusive effect of prior convictions, it is entirely irrelevant when evaluating the preclusive effect of his current conviction. For this reason, the government argues, and this Court agrees, that petitioner's reliance on 18 U.S.C. § 3559(c)(2)(F) is entirely inapposite and should be disregarded.

The same is true of Petitioner's reference to 18 U.S.C. § 3559(c)(2)(E). This statute provides a definition for "kidnapping" in the narrow context of sentencing classifications for certain violent felonies and is not related to 18 U.S.C. § 3632(d)(4)(D)(xxvi). Because petitioner is ineligible due to his current offense of kidnapping, and not because of a prior offense, this comment is not relevant.

## III.
### CONCLUSION

For the reasons stated above, Hatfield's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 4th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE